1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

SUPERVALU HOLDINGS, INC.,

Plaintiff,

v.

BARBARA MORRIS
TESTAMENTARY TRUST, et al.,

Defendants.

CASE NO. C09-5351BHS

ORDER DENYING
PLAINTIFF'S MOTION FOR
RECONSIDERATION

16   This matter comes before the Court on Plaintiff Supervalu Holdings, Inc.'s

17  ("Supervalu") motion for reconsideration.  Dkt. 37.  The Court has considered the

18  pleadings filed in support of and in opposition to the motion and the remainder of the file

19  and hereby denies Supervalu's motion for reconsideration for the reasons stated herein.

20                    **I. PROCEDURAL AND FACTUAL BACKGROUND**

21          The instant action was filed on June 12, 2009.  Dkt. 1.  Supervalu and Defendants

22  filed motions for summary judgment (Dkts. 17 & 21) and Defendants, in their response to

23  Supervalu's motion, included a cross-motion on the issue of Supervalu's breach of

24  contract claim (Dkt. 29).  On October 6, 2010, the Court issued an order denying

25  Defendants' motion for summary judgment and granting in part and denying in part

26  Supervalu's motion for summary judgment finding that the term "loan constant" was to

27  have its common meaning as asserted by Defendants.  Dkt. 34.  In its October 6, 2010,

28

1    order the Court also affirmatively found that Defendants did not commit a breach of

2    contract (*id.* at 11) and therefore granted Defendants' cross-motion for summary

3    judgment contained in its response to Supervalu's motion (Dkt. 29 at 12-13).  On October

4    25, 2010, Supervalu filed a motion for reconsideration in which it seeks reconsideration

5    of the Court's October 6, 2010 order.  Dkt. 37.  On October 26, 2010, the Court ordered

6    Defendants to file a response to the motion and set a briefing schedule for the response

7    and Supervalu's reply.  Dkt. 39.  On November 15, 2010, Defendants filed a response to

8    Supervalu's motion (Dkt. 42) and on November 19, 2010, Supervalu filed a reply (Dkt.

9    43).

## II. DISCUSSION

11   Motions for reconsideration are governed by Local Rule CR 7(h), which provides

12   as follows:

13        Motions for reconsideration are disfavored. The court will ordinarily
          deny such motions in the absence of a showing of manifest error in the prior
14        ruling or a showing of new facts or legal authority which could not have
          been brought to its attention earlier with reasonable diligence.
15
     Local Rule CR 7(h)(1).

16
     Supervalu's motion requests that the Court reconsider its order on the parties'

17   motions for summary judgment with regard to the following conclusions: (1) Supervalu

18   failed to properly exercise its right to have the New Store (as defined in the lease)

19   constructed pursuant to provision 34 of the lease; and (2) Supervalu failed to present

20   admissible evidence of Defendant Richard R. Morris, Jr.'s ("Morris") oral statements

21   regarding the meaning of "loan constant."  Dkt. 37 at 2-6.

22   The Court has considered Supervalu's motion for reconsideration and the

23   remainder of the file and concludes that Supervalu has failed to show manifest error in the

24   Court's order on summary judgment.  The Court properly found that Supervalu failed to

25   properly exercise its right regarding construction of the New Store.  *See* Dkt. 34.

26   Supervalu first attempted to exercise its option to have the New Store built in 1999 when

27   the parties entered into negotiations about the terms of building the New Store and a new

28

ORDER - 2

1    lease.  *See, e.g.*, Dkt. 20-2 at 30-31.  The parties disagreed about the meaning of the term
2    "loan constant" contained in the original lease and continued discussions on and off for
3    several years about building the New Store.

4           On October 24, 2007, Supervalu sent a letter to Morris stating that it was
5    "exercis[ing] its option" to have the New Store built and that it "is willing and able to
6    enter into the New Store Lease on the terms and conditions describe in such Section 34"
7    of the original lease.  Dkt. 20-4 at 19-20.  Supervalu relies on this letter to support its
8    position that it exercised its option to have the New Store built, that such exercise was
9    unconditional, and that Morris is now under an obligation to build the New Store using
10   the meaning of the term "loan constant" as defined by the Court in its order on summary
11   judgment.  *See* Dkts. 37 & 43.  Morris maintains that although the 2007 letter is silent on
12   the term "loan constant," Supervalu never actually changed its position on what that term
13   meant and that its exercise of the option was actually conditioned on Morris agreeing to
14   Supervalu's definition.  The Court agrees with Morris.  Supervalu asks Morris, and the
15   Court, to examine the 2007 letter in a vacuum and not take into account the parties'
16   previous negotiations regarding the building of the New Store, the parties' discussions
17   following the 2007 letter, and the current litigation.

18          The Court does not find any evidence in the record, until after the Court issued its
19   order on summary judgment, that Supervalu took the position that its exercise of the
20   option to have the New Store built was unconditional and that it would agree to Morris's
21   definition of "loan constant" if such definition was found to be the correct one.  Nor did
22   Supervalu take reasonable steps to make Morris aware that its 2007 letter was an
23   unconditional exercise of its option.  The only reasonable conclusion is that Supervalu
24   was continuing to condition its exercise of its option on the parties' agreeing to
25   Supervalu's definition of "loan constant" as it had done for several years preceding the
26   letter and several years after.

27

28

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, the Court concludes that it did not err in concluding that Supervalu did not properly exercise its option to have the New Store built.  In addition, the Court properly considered all relevant evidence regarding the meaning of loan constant in issuing its order on summary judgment.

## III. ORDER

Therefore, the Court concludes that Supervalu's motion for reconsideration (Dkt. 37) is **DENIED**.

DATED this 21st day of December, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge