UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUPERVALU HOLDINGS, INC.,

    Plaintiff,

    v.

RICHARD R. MORRIS, et al.,

    Defendants.

Case No. C09-5351BHS

ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES

This matter comes before the Court on Defendants' motion for attorneys' fees. Dkt. 46. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part Defendants' motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

For a more complete factual and procedural history see the Court's order on the parties' motions for summary judgment (Dkt. 34).

The instant action was filed on June 12, 2009. Dkt. 1. Plaintiff Supervalu Holdings, Inc. ("Supervalu") and Defendants filed motions for summary judgment (Dkts. 17 & 21) and Defendants, in their response to Supervalu's motion, included a cross-motion on the issue of Supervalu's breach of contract claim (Dkt. 29). On October 6, 2010, the Court issued an order (1) denying Defendants' motion for summary judgment concluding that Section 34 of the parties lease ("Lease") was not so vague as to be unenforceable and (2) granting in part and denying in part Supervalu's motion for summary judgment finding that the term "loan constant" in the parties' lease was to have its common meaning as asserted by Defendants.

ORDER – 1

Dkt. 34. In its October 6, 2010, order the Court also affirmatively found that Defendants did not commit a breach of contract (*id.* at 11) and therefore granted Defendants' cross-motion for summary judgment contained in its response to Supervalu's motion (Dkt. 29 at 12-13). On October 25, 2010, Supervalu filed a motion for reconsideration (Dkt. 37) which the Court denied (Dkt. 44). On December 29, 2010, Defendants filed their motion for attorneys' fees and costs. Dkt. 46. On January 10, 2011, Supervalu responded (Dkt. 51) and on January 14, 2011, Defendants replied (Dkt. 52).

## II. DISCUSSION

Defendants maintain that they are the prevailing party in this litigation and that under the parties' Lease they are entitled to an award for attorneys' fees and costs in the amount of $174,086.35. Dkt. 46. Supervalu does not dispute that Defendants are the prevailing party with respect to the meaning of the term "loan constant" and Supervalu's breach of contract claim and that Defendants are therefore entitled to recover costs, expenses and reasonable attorneys' fees incurred in litigating those claims. *See* Dkt. 51 at 2. However, Supervalu disputes that Defendants are entitled to recover costs, expenses, and attorneys' fees incurred (1) before the filing of the complaint in this suit; (2) in litigating Defendants' unsuccessful claim that Section 34 of the Lease was unenforceable; and (3) in having a second attorney present during the deposition of Tyler Myers ("Myers") and the parties' day-long mediation. *Id*. at 2-5.

**A.    Attorneys' Fees and Costs Incurred Prior to Supervalu's Filing of its Complaint**

In general, federal courts apply state law in interpreting an attorneys' fees provision in a contract. *Franklin Financial v. Resolution Trust Corp.*, 53 F.3d 268, 273 (9th Cir. 1995). "When a contract includes a bilateral attorney fees provision, 'it is the terms of the contract to which the trial court should look to determine if such an ward is warranted.'" *Cornish College of the Arts v. 1000 Virginia Ltd.*, 242 P.3d 1 (quoting *Kaintz v. PLG, Inc.*, 147 Wn. App. 782, 790 (2008)). "Where the terms of the contract are plain and

ORDER – 2

unambiguous, the intention of the parties shall be ascertained from the language employed." *Schauerman v. Haag*, 68 Wn. 2d 868, 873 (1966).

Here, the relevant section of the parties' Lease addressing costs, expenses, and attorneys' fees states:

> If any arbitration or litigation is brought to interpret or enforce any of the covenants or agreements of this Lease or to recover damages or otherwise, the prevailing party in such arbitration or litigation, including any appeal, shall be entitled to an award of all costs, expenses, and reasonable attorneys' fees.

Dkt. 20 at 31. Supervalu maintains that this provision of the Lease "provides for the recovery of costs and reasonable attorneys' fees incurred *during* litigation and not before." Dkt. 51 at 2-3 (emphasis in original). Accordingly, Supervalu argues that Defendants are not entitled to recover any costs or fees incurred before its complaint was filed in this action on June 12, 2009. *Id*. Supervalu requests that the Court reduce Defendants' award for attorneys' fees by $19,993.00 and for costs by $38.87 for those amounts incurred between September 29, 2008 and June 2, 2009. *Id*. at 3.

In their reply to Supervalu's response, Defendants maintain that their recovery for attorneys' fees and costs is not limited to the specific date when this suit was filed based on the inclusion of the word "all" before "costs, expenses, and reasonable attorneys' fees." Dkt. 52 at 2. However, Defendants agree to subtract half of their requested award amount for the time period before receiving a letter from counsel for Supervalu on April 3, 2009. *Id*. Defendants state that although litigation with Supervalu seemed inevitable beginning in September 2008, it was not made explicit until receiving the letter from Supervalu's counsel stating that he had been hired to represent Supervalu and that his client was prepared to have the issues between the parties decided in court. *Id*. at 2-3.

The Court concludes that the plain and unambiguous language of the Lease provides for the prevailing party to recover all costs, expenses, and reasonable attorneys' fees incurred in litigation and that the term litigation is defined by the filing of the lawsuit. *See Black's Law Dictionary* 952 (8th ed. 2004) (defining litigation as "1. The process of carrying

ORDER – 3

on a lawsuit . . . 2. A lawsuit itself"). Defendants' only citation to legal authority to support their position that attorneys' fees can be incurred prior to the filing of the suit is to a case involving statutory attorneys' fees where the language of the statute was not analogous to the Lease provision at issue in this case. *See* Dkt. 52 at 2 (citing *Dice v. city of Montesano*, 131 Wn. App. 675, 692-93 (2006)). Therefore, the Court concludes that Defendants may only recover attorneys' fees and costs incurred after this suit was filed and Defendants' award will be reduced by $20,031.87 for those amounts incurred prior to Supervalu's complaint being filed on June 12, 2009.

**B.     Reasonable Attorneys' Fees**

Washington courts use the "lodestar method" to determine whether a fee request is reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 291 (1998), *overruled on other grounds* by *Panorama Village Condo. Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 144 (2001). "The lodestar award is arrived at by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter." *Id*. (quoting *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149 (1993)).

Here, Supervalu does not dispute the reasonableness of the hourly rate used by Defendants in calculating their fees; rather, Supervalu disputes the reasonableness of the number of attorneys attending certain events and the matters on which Defendants are seeking to recover fees. *See* Dkt. 51.

**1.     Reasonableness of Presence of Additional Attorney**

Supervalu argues that Defendants' attorneys' fees should be reduced for the fees incurred in having Jemima McCullum ("McCullum") present at the deposition of Tyler Myers and at the parties' day-long mediation. Dkt. 51 at 4. Defendants contend that their use of two attorneys at Myers's deposition and the mediation was eminently reasonable. *Id*. at 3-4. Specifically, Defendants state that McCullum is a real estate attorney who had worked with Richard Morris on construction and development issues regarding the building

ORDER – 4

of the new store as well as issues involving other tenants in the shopping center. *Id*. at 3. According to Defendants, McCullum was present at the deposition of Myers, a subtenant on the Lease, because her expertise was likely to be helpful to her co-counsel in questioning Myers. In addition, Defendants maintain that McCullum attended the mediation because a settlement in this case would likely involve a business solution and she was most qualified to advise Morris of the business implications of such a solution.

The Court concludes that Defendants have shown that McCullum's presence at the deposition and mediation was reasonable, that her participation was not duplicative and that their award should include those attorneys' fees reasonably incurred for her attendance.

### 2. Segregation of Issues

In terms of the number of hours expended, a court must segregate time spent on successful claims from hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *Hume v. American Disposal Co.*, 124 Wn. 2d 656, 673 (1994); *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (1983). "Where, however, the trial court finds the claims to be so related that no reasonable segregation of successful and unsuccessful claims can be made, there need be no segregation of attorney fees." *Hume*, 124 Wn. 2d at 673.

Here, Defendants argue that it is neither legally necessary nor reasonably practicable to segregate the time spent in litigating whether Section 34 of the Lease was too vague to be enforceable and therefore, the Court should not require segregation or reduce their award. According to Defendants:

> The research and analysis directed to the question of whether "loan constant" was ambiguous is inextricably intertwined with the research and analysis necessary to determine the meaning of the term as used in [Section 34] of the Lease. The being the case, it would be virtually impossible, as well as legally pointless, to attempt to segregate time spent on the question of ambiguity from time spent on ferreting out the meaning of the term.

ORDER – 5

Dkt. 52 at 5. Defendants state that to the extent the Court does consider a reduction in fees and expenses based on the segregation of this claim, the award should be reduced "in the 10% range" (*id*. at 4-5) rather than a one-third reduction proposed by Supervalu (Dkt. 51 at 5).

Supervalu contends that Defendants' award should be reduced based on their failed defense that Section 34 of the Lease was an unenforceable agreement to agree and that the terms "base rent," "project costs of construction," "lease premises," and "land," were too vague to form an enforceable provision. Dkt. 51 at 5. Supervalu states that significant discovery and summary judgment briefing were performed on these issues and that because the Court ruled against Defendants on such issues and given the significant amount of time the parties spent on the enforceability question regarding Section 34 of the Lease, a one-third reduction of their award is appropriate. *Id*.

Defendants make no effort at segregating the attorneys' fees and costs incurred in litigating the issue of the enforceability of Section 34 of the Lease, with the exception of suggesting a ten-percent reduction in the event the Court concludes that the award should be reduced. Rather, Defendants' briefing focuses on the fact that they prevailed on the fundamental issue in the case. *See* Dkts. 46 & 52. In examining the record in this case and Defendants' briefing, the Court concludes that Defendants have failed to show that their unenforceability defense was so inextricably intertwined with the claims on which they were successful that it would be unreasonable to segregate.

Because Defendants have made no effort at segregating their unsuccessful defense regarding enforceability of Section 34 of the Lease from the claims on which they prevailed, and because such defense was a significant issue in at least some of the parties' briefing before the Court, the Court concludes that a twenty-percent reduction in Defendants' attorneys' fees and costs is reasonable. In concluding that such reduction is appropriate, the Court takes into account Supervalu's request that the award be reduced by one-third and Defendants' request that, if the Court orders a reduction, it should be approximately ten

ORDER – 6

percent. *See* Dkts. 46 & 51.  Rather than requiring the parties to incur additional attorneys' fees in an attempt at calculating an exact number and submitting briefing on the issue, as the Court believes that such an effort would not be able to produce an exact number and further that an appropriate number is likely somewhere between the parties' estimates, the Court concludes that a twenty percent reduction is a reasonable.  Accordingly, Defendants are entitled to an award of attorneys' fees in the amount of **$93,025.20** and costs in the amount of **$31,418.38**, for a total award of **$124,443.58.**

### III. ORDER

Therefore, the Court **ORDERS** that Defendants' motion for attorneys' fees (Dkt. 46) is **GRANTED in part** and **DENIED in part** as discussed herein and Defendants are entitled to an award for attorneys' fees and costs in the amount of **$124,443.58**.

DATED this 17th day of February, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 7